# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-815
**Filed: March 15, 2018**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SHIRLEY GARRETT, | * |
| | * |
| Petitioner, | * Fact Ruling; Influenza ("Flu") Vaccine; |
| | * Shoulder Injury Related to Vaccine |
| v. | * Administration ("SIRVA"); Conflicting |
| | * Evidence of Vaccine Injection Site; |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ann Mayhew Golski, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Sherry Denise Soanes, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON FACTS[1]

**Dorsey,** Chief Special Master:

On June 16, 2017, Shirley Garrett ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury that was caused-in-fact by an influenza ("flu") vaccination she received on October 12, 2015. Petition at 1-2; *see also* Pet.'s Ex. 1 & 10 (vaccination records). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

   I.   **Summary of Dispute**

On January 17, 2018, petitioner moved for a finding of fact on the issue of location of vaccine administration. Pet.'s Mot., ECF No. 17. The immunization records

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

1

clearly documents that the vaccine was administered to petitioner's left deltoid; petitioner, however, asserts it was given on the right side. *Compare* Pet.'s Exs. 1 & 10 (vaccination records) *to* Petition at 1; Pet.'s Ex. 8 at 1 (Pet.'s Aff.). In her affidavit, petitioner states that she requested the vaccination be given on her right side to avoid a small area of scar tissue on her left arm. Pet.'s Ex. 8 at 1. Petitioner also states that her vaccination records incorrectly state who administered the vaccination. *Id.*

On January 31, 2018, respondent filed a response to petitioner's motion stating that:

> Respondent leaves it to the sound discretion of the Chief Special Master to determine whether the record as it stands now provides sufficient information to allow for a factual ruling on the record determining the site of vaccine administration or whether a fact hearing is needed on the issue.

Resp.'s Resp. at 3, ECF No. 19.

At petitioner's request, a status conference was convened on March 15, 2018 before the undersigned. At the start of this conference, the undersigned confirmed with the parties that they had no objection to her issuing a fact ruling by teleconference. The parties did not object. The undersigned then presented her finding that, based upon the record as a whole, that preponderant evidence exists to support petitioner's claim that she her October 12, 2015 flu vaccination was administered in her right shoulder.

## II.   Summary of Facts Supporting Finding

The evidence in favor of petitioner's assertion that she was vaccinated in her right shoulder includes the following:

1. Petitioner's affidavit wherein she states that she received the October 15, 2015 vaccination in her right shoulder. *See* Exhibit 8.

2. The affidavit of petitioner's husband, Shannon Lee Garrett, in which Mr. Garrett states that he was in attendance on October 12, 2015, when petitioner received the flu vaccination and saw it administered to his wife's right arm. Pet.'s Ex. 9. Mr. Garrett further states he also received the flu vaccination during that visit. *Id.*

3. On November 5, 2015, petitioner was seen by Erin Haff, PA, and Dr. Anthony Czaplicki of Orthopaedic Associates complaining of right shoulder pain reporting that "after a flu shot she had pain that has not [gone] away." Pet.'s Ex. 4 at 23.

4. Petitioner attended fourteen physical therapy sessions between November 2015 and January 2016 for treatment of right shoulder pain which petitioner consistently attributed to her October 2015 flu shot. Pet.'s Ex. 2, *passim*. At the first visit on November 30, 2015, Renee Humphrey, PT, documented that

2

n/a

    petitioner had painful and limited range of motion in her right shoulder and petitioner was diagnoses with rotator cuff tendinosis of the right shoulder. *Id.* at 9-10.

5. Petitioner was under the treatment of an orthopedist for right shoulder pain from November 5, 2015 through November 2016. Pet.'s Ex. 4, *passim*. Petitioner reported to numerous health care providers at that practice – including Lauren Richardson, PA, Jennifer Kollker, NP, Dr. Daniel Emerson, and others – that her right shoulder pain began on October 13, 2015 after receiving a flu shot. *Id.* at 3, 5, 8, 11, 14, 17, 20, & 23.

The evidence against petitioner's assertion that she was vaccinated in her right shoulder consists of the following:

1. The immunization record, which indicates the site the given as "left." Pet.'s Ex. 8 at 2.

2. The immunization consent form, which indicates the site given as "left deltoid." Pet.'s Ex. 10.

### III.    Applicable Legal Standard

A petitioner must prove, by a preponderance of the evidence, the factual circumstances surrounding her claim. 42 U.S.C. § 300aa-13(a)(1)(A). To resolve factual issues, the special master must weigh the evidence presented, which may include contemporaneous medical records and testimony. *See Burns v. Sec'y of Health & Human Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (explaining that a special master must decide what weight to give evidence including oral testimony and contemporaneous medical records). Contemporaneous medical records are presumed to be accurate. *See Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). To overcome the presumptive accuracy of medical records testimony, a petitioner may present testimony which is "consistent, clear, cogent, and compelling." *Sanchez v. Sec'y of Health & Human Servs.*, 110685V, 2013 WL 1880825, at *3 (Fed. Cl. Spec. Mstr. April 10, 2013) (citing *Blustein v. Sec'y of Health & Human Servs.*, 90-2808V, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998)).

### IV.    Fact Ruling

After a discussion of the facts set forth above, the undersigned made an oral ruling in petitioner's favor, finding the totality of the evidence indicated petitioner received the October 12, 2015 vaccination in her right shoulder.

### V.    Conclusion

At the conclusion of the March 15, 2018 status conference, petitioner requested that respondent file a Rule 4(c) report following the undersigned's fact ruling.

Respondent requested 60 days for the filing of his Rule 4(c) report to accommodate his counsel's upcoming trial schedule.

Accordingly, respondent's Rule 4(c) report is due by **Wednesday, May 16, 2018**.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
